THE PEOPLE OF THE STATE OF NEW YORK *v.* THIRD AVENUE *135 Ny 562*
SAVINGS BANK.
*21 Wk Dig 414*
(Argued March 6, 1885 ; decided March 24, 1885.)

" On the 3d of April, 1869, some person made a deposit of
$1,880, in the Third Avenue Savings Bank, which was entered
in a deposit book No. 36,770, which was delivered to him. He
gave his name as Henry Seaman, his occupation nurseryman,
residence Yorktown, Westchester county, N. Y., year born,
1844, and left his signature written by himself. According to
the figures thus given he was then about twenty-five years old.
At that time, one Henry Vail lived at Yorktown, Westchester

county, and was a farmer. He was a married man, between thirty and forty years old, and he is described as ' a man generally in trouble, a thief, a miser and a penurious, miserable member of human society.' In 1872, he was sentenced for a crime to the State prison at Sing Sing, and about three years thereafter he died there. Shortly after Vail was taken to the prison, there was sold at vendue upon his farm, a stack of hay, and the purchaser, in removing the hay, found near the bottom of the stack, in a short piece of stove-pipe, closed at both ends, a deposit book, issued by the bank to Henry Seaman, No. 36,770, containing a credit for a deposit of $1,880. He kept the book until after the death of Henry Vail, and then delivered it to one of his administrators ; and it was upon that deposit book that they base their claim to have paid to them the dividend in question declared upon the Seaman account by the receiver. After the receiver of the savings bank was appointed, and in June, 1881, some person presented to the receiver's clerk a deposit book apparently issued by the bank in the name of Henry Seaman, and demanded payment of the dividend. The book contained the whole account as it was entered upon the books of the bank, and was a precise duplicate of the book which was found in the hay-stack. The person presenting it was questioned as to his name, age, occupation and residence, and answered the description given by the actual depositor in April, 1869. The receiver's clerk also looked at the signature of the person making the deposit in 1869, and compared it with that of the person presenting the book for payment, and believed them to resemble each other sufficiently, and he thereupon paid the dividend to the person so demanding the same. Thereafter the administrators of Vail presented their petition to the court, praying for an order that the receiver be directed to pay the deposit to them, and a referee was appointed to take proof of the facts set forth in the petition, and to report the same with his opinion thereon to the court. Evidence was accordingly taken before the referee and he reported the evidence with his opinion that the receiver had used reasonable and ordinary care and diligence in making the payment of the dividend, and that, therefore, the petitioners were not entitled

to the same. An order was thereupon made at Special Term dismissing the petition, and from that order an appeal was taken to the General Term, and from affirmance there to this court."

The court held *First*, the burden rested upon plaintiff to show that the deposit was made by Vail and to establish a title to the deposit book; that the evidence fails to establish this conclusion, and the question having been decided adversely this court was concluded by the decision. (Code of Civ. Pro., § 1337.) *Second*, assuming the deposit was made by Vail in the name of Seaman, the evidence would justify a finding that a duplicate pass-book was issued, and that he transferred one, or that it came into the hands of some person who drew the dividend, and the payment having been made with due care and diligence by the receiver to the one presenting the deposit book, he was entitled to the protection given to such a payment by defendant's by laws. (*Appleby* v. *Erie County Savings Bank*, 62 N. Y. 12; *Allen* v. *Williamsburgh Savings Bank*, 69 id. 314.) *Third*, in case the deposit was made by Vail with the false descriptions of occupation and age and no duplicate book was issued, his administrators were properly defeated, as Vail by his unusual action created the confusion and doubt which misled the receiver, and as the latter acted in good faith.

*Samuel C. Mount* for appellant.

*Thomas Allison* for respondent.

All concur, ANDREWS and DANFORTH, JJ., on first ground. Order affirmed.